# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

BRAULIO M. CUESTA and ERIC L. GOLDEN, )
Individually and on behalf of all others )
similarly situated, )
                                            Plaintiffs, )
                                                      ) CIV-06-61-S
v. )
FORD MOTOR COMPANY, INC., and WILLIAMS )
CONTROLS, INC., )
                                            Defendants. )

## ORDER GRANTING
## PLAINTIFFS' BRAULIO M. CUESTA AND ERIC L. GOLDEN'S
## SECOND MOTION TO REMAND AND BRIEF IN SUPPORT

Before the court for its consideration is Plaintiffs' Braulio M. Cuesta and Eric L. Golden's Second Motion to Remand and brief in support. Defendant Ford objected to the motion arguing this court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). The court grants the Second Motion to Remand for the following reasons.

### Background

Plaintiff, Braulio Cuesta, filed his petition in the district court of Bryan County, State of Oklahoma, on September 23, 2004. In that petition, plaintiff alleges defendant Williams Controls, Inc. ("WCI") designed and manufactured a fixed non-adjustable

1

accelerator which defendant Ford installed in its 2001.25,[1] 2002, and 2003 Ford Super Duty pickup trucks and Excursions with diesel engines.  In that petition, plaintiff alleges this accelerator contains a design and/or manufacturing defect in that when a certain amount of force is exerted on the accelerator, these accelerators, without fail, generate a voltage overload that causes the vehicle to shift to idle rather than accelerate, and thus are unreasonably dangerous.  In the original petition, plaintiff alleges a cause of action for breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness, negligence, and strict products liability.  In the original petition, plaintiff sought economic damages, compensating him for the cost to repair or replace his defective accelerator, diminution in value to his vehicle, the cost of a rental vehicle for the period required to replace the defective accelerator and/or other damages.  Plaintiff filed the lawsuit as a class action.

On October 25, 2004, defendant Ford with the permission of co-defendant WCI filed a Notice of Removal.  In the Notice of Removal, defendants allege the court had diversity jurisdiction as well as federal question jurisdiction.  Plaintiff objected to the removal arguing the court lacks jurisdiction because the amount in controversy requirement cannot be met for diversity jurisdiction and federal question jurisdiction is not present. Plaintiff moved the court to remand the action back to state court.

---

[1] According to the petition, the model year 2001.25 refers to the 2001 Ford vehicles in which Ford installed the electronic throttle controls or accelerators designed and manufactured by defendant Williams Controls, Inc. in place of the Teleflex manufactured and designed electronic throttle controls, which it previously used.  In short, this reference to the 2001.25 models is intended to exclude Ford vehicles with the Teleflex accelerators from the "class vehicles."

On February 15, 2005, the court held a hearing on the motion to remand. On March 10, 2005, this court entered an order remanding this action back to state court. While in state court, plaintiff sought leave to amend his original petition. On January 31, 2006, the state court granted plaintiff leave to amend the petition. Plaintiff amended the petition by adding a new class representative, Eric Golden. Plaintiff also added lessees of the cars in question as plaintiffs. The amended petition also seeks a refund of the $100.00 deductible paid for warranty service on the accelerator pedal. Finally, the amended petition stated the 2003.25 model was also included in the plaintiffs' claims.

On February 10, 2006, defendant Ford filed a Notice of Removal arguing the amendments made to the petition were substantial such that plaintiffs were really commencing a new lawsuit against the defendant. Accordingly, pursuant to the CAFA jurisdiction was proper in federal court.

On March 8, 2006, plaintiffs filed this second motion to remand arguing that CAFA is not applicable to this action because the case at bar was filed before CAFA's effective date of February 18, 2005. Defendant Ford objects to the motion arguing the changes made to the petition were so substantial such that a new lawsuit was commenced as to it with the filing of the amended petition. Defendant Ford contends since the amended petition was filed after the effective date of CAFA, the case was properly removed to federal court.

CAFA expanded the subject matter jurisdiction of federal courts over class actions in which at least one plaintiff class member was diverse in citizenship from defendant and where the amount in controversy exceeded $5 million. However, the act

3

clearly states CAFA shall only apply to a civil action commenced on or after the date of enactment of the Act. Thus, only amendments which relate back to the original petition will save an amended petition from jurisdiction under CAFA.

The court must first determine whether the addition of claims by the new plaintiff Eric Golden relate back to the original petition. If they do, the case is not removable under CAFA. However, if the claims of the new plaintiff do not relate back, the case is removable under CAFA. In Plummer v. Farmers Group, Inc., 388 F. Supp. 2d 1310, 1316 (E.D.Okla. 2005), the court determined that an amended petition naming a new plaintiff filed after CAFA's effective date will relate back to an original petition filed before February 18, 2005, so as to make CAFA jurisdiction inapplicable and the amended petition non-removable where "(1) the new plaintiff's claim arose out of the same conduct, transaction or occurrence set forth in the original complaint; (2) the new plaintiff shares an identity of interest with the original plaintiff; (3) the defendants have fair notice of the new plaintiff's claims; and (4) the addition of the new plaintiff causes the defendants [no] prejudice." Id. at 1316.

In the case at bar, the new plaintiff Eric Golden's claims are identical to the claims of the original class representative, Dr. Cuesta. The new plaintiff's claims concern a defective accelerator pedal in a Ford vehicle with a diesel engine. Both plaintiffs complain that "when a certain amount of force is exerted...these accelerators...cause the vehicle to shift to idle rather than accelerate." Further, Mr. Golden is pleading the exact same causes of action as were found in the original petition. Thus, the claims asserted by the new plaintiff arise from the same conduct, transaction or occurrence of the claims in the original petition and the new plaintiff has brought the same causes of action.

Second, the new class representative has an identity of interest with the original class representative, Dr. Cuesta, in that both of their vehicles contain the same defective accelerator.  Third, the defendants have fair notice of Mr. Golden's claims, because they are identical to the causes of action asserted by Dr. Cuesta in the original petition.  Finally, the addition of Mr. Golden as a class representative can cause no prejudice to defendants because as noted, his claims are the same as the original class representative Dr. Cuesta.  Accordingly, under the <u>Plummer</u> test this court finds the amended petition relates back to the original petition.  It is undisputed the original petition was filed previous to the enactment of CAFA.  As such, under the <u>Plummer</u> test, this case is not removable to this court.

The next question presented to the court is whether the additional amendments made to the petition are significant such that a new action was commenced as to defendant with the filing of the amended petition.  Defendant argues this court should apply the "relation back" test applied by the Seventh Circuit Court of Appeals in <u>Knudsen v. Liberty Mutual Insurance Company</u>, 435 F. 3d 755 (7th Cir. 2006). The Seventh Circuit Court of Appeals has held that, under state law relation back principles, new claims do not relate back and a new action under CAFA is commenced if claims added in a post-CAFA amendment are substantially new to the original complaint such that the defendant would not have been put on notice prior to the amendment.  <u>Id</u>.  at 757-58.  The court reasoned the addition  of new claims or expanded allegations after the CAFA's effective date commences an action within the meaning of CAFA where the claims do not relate back under principles applicable to a pre-CAFA complaint. Thus, under this test the question is whether under the applicable state law the amendments relate back to the original petition. <u>Phillips v. Ford Motor</u>

Company, 435 F. 3d 785, 787 (7th Cir. 2006)("Since the question for decision...is whether adding a named plaintiff would commence a new suit in state court, the answer should depend on state procedural law.)

Oklahoma's relation back rule provides:

> An amendment of a pleading relates back to the date of the original pleading when...the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrences set forth or attempted to be set forth in the original pleading." 12 O.S.A. Sec. 2015 (C).

First, Ford argues plaintiff has initiated a new lawsuit because the amended petition adds a new model year to the class of vehicles at issue in the case, specifically the 2003.25 Ford Trucks or Ford Excursions with a diesel engine. Ford argues the addition of this new model year adds a new type of engine, the 6.0 liter engine and a differently designed electronic throttle control-the componenet part at the core of this lawsuit. The electronic throttle in the 2003.25 is a three track system instead of the single track system which is in place with the other vehicles. Ford contends the vehicles identified in the previous petition only included cars with a 7.3 liter engine. Ford also argues the addition of these vehicles expands the class size.

In the very first paragraph of the original petition it provides:

> This lawsuit is a national class action brought by named plaintiff Braulio Cuesta, individually and on behalf of thousands of individuals and entities who purchased Ford Motor Company vehicles that contain a fixed, non-adjustable accelerator designed and manufactured by Williams Controls, Inc., including, but not limited to 2001.25, 2002, and 2003 Ford

>           Super Duty pickup truck and Excursions with diesel
>           engines.

It appears to this court the 2003.25 vehicle has always been a part of the lawsuit. It appears the class action involves any vehicle that had a fixed, non-adjustable accelerator designed and manufactured by WCI which was placed in a vehicle with a diesel engine. In the amended petition, plaintiffs seek to clarify that the 2003.25 model is in fact part of the lawsuit. Ford was put on notice by the filing of the original petition that this particular vehicle was part of the class of vehicles included in the lawsuit. Further, Ford's expert testified that both the 6.0 liter and the 7.3 liter pedals contain the same part and consequently suffer from the same problem. Thus, Ford suffers no prejudice from this addition. Accordingly, the court finds the clarification made in the amended petition involving the 2003.25 model vehicles relates back to the original petition.

Next, Ford argues the original petition was limited to purchasers of the vehicles at issue, but the amended petition seeks to substantially expand the class by encompassing "Lessees" as well. Ford claims that by adding lessees to the class, plaintiff's amended petition now implicates Article 2A of the Oklahoma UCC in addition to the Article 2 based claims previously set forth in the original petition. The court finds plaintiff simply amended the class definition to include lessees as plaintiffs. This is not the same as commencing a new lawsuit against defendant. The causes of action are still the same and the premise of the lawsuit is unchanged- the defective accelerator. In <u>Knudson v. Liberty Mutual Insurance Company</u>, 411 F. 3d 805, 807-8 (7th Cir. 2005) the court held that a change to a class definition did not change the action significantly enough to commence a new action. See also <u>Schorsch v. Hewlett Packard</u>, <u>Co.</u>, 417 F.3d 748, 751 (7th Cir. 2005)(stating

amendments to class definitions do not commence new suits.) Thus, since the plaintiff simply modified the class definition, this change does not commence a new action against defendant for purposes of CAFA.

Ford then argues that in the amended petition, plaintiff seeks an entirely new set of damages when they requested a refund of the $100.00 deductible paid for warranty service on the accelerator pedal. Plaintiff seems to merely clarify an element of their damages. Ford was put on notice from the original petition that plaintiff was seeking damages related to the injuries caused to plaintiff by the defective accelerator pedal. The $100.00 deductible paid for warranty work done on the pedal was just a subset of the original damages sought. It was a logical part of the damages from the injuries plaintiffs sustained from the defective car part. Accordingly, the court finds this amendment to the original petition to include this element of damages was not a significant modification so as to commence a new action against defendant Ford for purposes of the CAFA, but rather this amendment relates back to the original petition.

The court finds the amendments made to the petition in question did not significantly change the original petition so as to constitute the commencement of a new action against defendant Ford. Further, it appears that Ford had adequate notice or should have been aware of the possibility of such routine changes from the allegations in the original petition.

Accordingly, this court **GRANTS** Plaintiffs' Braulio M. Cuesta and Eric L. Golden's Second Motion to Remand and brief in support. The Clerk of the District Court is directed to remand this action to the District Court in and for Bryan County, State of Oklahoma.

**IT IS SO ORDERED** this 1ˢᵗ day of May, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma